# Supreme Court of Florida

_____

No. SC16-155
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.**

[September 1, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Civil Procedure Rules Committee (Committee) has filed its regular-cycle report of proposed rule and form amendments.  See Fla. R. Jud. Admin. 2.140(b).  The Committee proposes amending existing rules 1.020 (Privacy and Court Records); 1.071 (Constitutional Challenge to State Statute or County or Municipal Charter, Ordinance, or Franchise; Notice by Party); 1.100 (Pleadings and Motions); 1.130 (Attaching Copy of Cause of Action and Exhibits); 1.140 (Defenses); 1.170 (Counterclaims and Crossclaims); 1.200 (Pretrial Procedure); 1.310 (Depositions Upon Oral Examination); 1.320 (Depositions Upon Written

Questions); 1.340 (Interrogatories to Parties); 1.410 (Subpoena); 1.431 (Trial Jury); 1.500 (Defaults and Final Judgments Thereon); 1.510 (Summary Judgment); 1.625 (Proceedings Against Surety on Judicial Bonds); 1.630 (Extraordinary Remedies); and 1.900 (Forms). The Committee also proposes the addition of new rule 1.545 (Final Disposition Form).

In addition, the Committee proposes amending existing forms 1.910 (Subpoena for Trial); 1.911 (Subpoena Duces Tecum for Trial); 1.912 (Subpoena for Deposition); 1.913 (Subpoena Duces Tecum for Deposition); 1.918 (Lis Pendens); 1.921 (Notice of Production from Nonparty); 1.922 (Subpoena Duces Tecum Without Deposition); 1.975 (Notice of Compliance When Constitutional Challenge is Brought); 1.980 (Default); and 1.997 (Civil Cover Sheet).

Consistent with Florida Rule of Judicial Administration 2.140(b)(2), the Committee published its proposals for comment prior to filing them with the Court. The Committee received a comment on its proposed amendments to rules 1.100(c)(1) and 1.140(a). Upon consideration of the comment, the Committee did not alter its proposals. After submission to the Court, we republished the Committee's proposals for comment. No comments were received.

Having considered the Committee's report and the comment filed with the Committee, we adopt these straightforward amendments to the Florida Rules of Civil Procedure as proposed by the Committee. Notable changes to the rules are

2

discussed below.

Rule 1.100(c) (Pleadings and Motions; Caption) is amended to require that all parties to an action be named in the caption. Rule 1.100 is also amended to place the civil cover sheet filing requirement, currently contained in subdivision (c)(2), in its own separate subdivision and to delete the final disposition form filing requirement contained in subdivision (c)(3). The final disposition form filing requirement is now contained in new rule 1.545 (Final Disposition Form). Rule 1.140 (Defenses) is amended to require that the ten-day period to file responsive pleadings under subdivisions (a)(3) and (a)(4) begins when an order is filed by the court instead of when notice of the court's actions is received. The amendments to rule 1.320 (Depositions Upon Written Questions) incorporate language from rule 1.330(d)(3)(C) (Use of Depositions in Court Proceedings; Effect of Errors and Irregularities) regarding objections to the form of written questions and from rule 1.310(b)(4) (Depositions Upon Oral Examination; Notice; Method of Taking; Production at Deposition) regarding the videotaping of depositions. Lastly, rule 1.431 (Trial Jury) is amended to permit the impaneling of more than two alternate jurors under subdivision (g)(1), and the time period to file a motion to interview jurors under subdivision (h) is extended from ten days to fifteen days.

Accordingly, the Florida Rules of Civil Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted

3

language is struck through. The committee notes are offered as an explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Roger James Haughey, II, Chair, Civil Procedure Rules Committee, Sivyer Barlow & Watson, Tampa, Florida; Judge Jacqueline Hogan Scola, Past Chair, Civil Procedure Rules Committee, Miami, Florida; and John F. Harkness, Jr., Executive Director, James M. Barclay, Bar Staff Liaison, and Gregory Allan Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

## RULE 1.020.  PRIVACY AND COURT RECORDS

Every pleading or other ~~paper~~document filed with the court ~~shall~~must comply with Florida Rules of Judicial Administration 2.420, Public Access to and Protection of Judicial Branch Records and 2.425, Minimization of the Filing of Sensitive Information.

## RULE 1.071.  CONSTITUTIONAL CHALLENGE TO STATE STATUTE OR COUNTY OR MUNICIPAL CHARTER, ORDINANCE, OR FRANCHISE; NOTICE BY PARTY

A party that files a pleading, written motion, or other ~~paper~~document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise must promptly

(a)     file a notice of constitutional question stating the question and identifying the ~~paper~~document that raises it; and

(b)     serve the notice and the pleading, written motion, or other ~~paper~~document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise on the Attorney General or the state attorney of the judicial circuit in which the action is pending, by either certified or registered mail.

Service of the notice and pleading, written motion, or other ~~paper~~document does not require joinder of the Attorney General or the state attorney as a party to the action.

### Committee Notes

### [NO CHANGE]

## RULE 1.100.  PLEADINGS AND MOTIONS

(a)     **Pleadings.** There ~~shall~~must be a complaint or, when so designated by a statute or rule, a petition, and an answer to it; an answer to a counterclaim denominated as such; an answer to a crossclaim if the answer contains a

crossclaim; a third-party complaint if a person who was not an original party is summoned as a third-party defendant; and a third-party answer if a third-party complaint is served. If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party ~~shall~~must file a reply containing the avoidance. No other pleadings ~~shall~~will be allowed.

**(b)** **Motions.** An application to the court for an order ~~shall~~must be by motion which ~~shall~~must be made in writing unless made during a hearing or trial, ~~shall~~must state with particularity the grounds ~~therefor~~for it, and ~~shall~~must set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing ~~shall~~must specify each motion or other matter to be heard.

**(c)** **Caption.**

(1) Every pleading~~, motion, order, judgment, or other paper shall~~ must have a caption containing the name of all of the parties, the name of the court, the file number, and a designation identifying the party filing it.

(2) Every motion, order, judgment, or other document must have a caption containing the name of the court, the case number~~except for in rem proceedings, including forfeiture proceedings~~, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be.

(3) In any in rem proceeding, every pleading, motion, order, judgment, or other ~~paper~~document ~~shall~~must have a caption containing the name of the court, the ~~file~~case number, the style "In re" (followed by the name or general description of the property), and a designation of the person or entity filing it and its nature or the nature of the order, as the case may be.

(4) In an in rem forfeiture proceeding, the style ~~shall~~must be "In re forfeiture of" (followed by the name or general description of the property).

(5) All ~~papers~~documents filed in the action ~~shall~~must be styled in such a manner as to indicate clearly the subject matter of the ~~paper~~document and the party requesting or obtaining relief.

**(d)** **Civil Cover Sheet.** ~~(2)~~ A civil cover sheet (form 1.997) ~~shall~~must be completed and filed with the clerk at the time an initial complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk

6

shall~~must~~ accept the complaint or petition for filing; but all proceedings in the action ~~shall~~must be abated until a properly executed cover sheet is completed and filed. The clerk ~~shall~~must complete the civil cover sheet for a party appearing pro se.

~~(3)     A final disposition form (form 1.998) shall be filed with the clerk by the prevailing party at the time of the filing of the order or judgment which disposes of the action. If the action is settled without a court order or judgment being entered, or dismissed by the parties, the plaintiff or petitioner immediately shall file a final disposition form (form 1.998) with the clerk. The clerk shall complete the final disposition form for a party appearing pro se, or when the action is dismissed by court order for lack of prosecution pursuant to rule 1.420(e).~~

**(~~d~~e)     Motion in Lieu of Scire Facias.** Any relief available by scire facias may be granted on motion after notice without the issuance of a writ of scire facias.

### Committee Notes

**1971 - 2010 Amendments [NO CHANGE]**

**2016 Amendment.** Subdivision (c) is amended to address the naming of parties in pleadings and amended pleadings similarly to Federal Rule of Civil Procedure 10(a). Subdivision (c)(2) on Civil Cover Sheets is moved to subdivision (d), and subdivision (c)(3) on Final Disposition Forms is moved to new rule 1.545.

**RULE 1.130.     ATTACHING COPY OF CAUSE OF ACTION AND EXHIBITS**

**(a)     Instruments Attached.** All bonds, notes, bills of exchange, contracts, accounts, or documents ~~up~~on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, ~~shall~~must be incorporated in or attached to the pleading. No ~~papers~~documents shall be unnecessarily annexed as exhibits. The pleadings ~~shall~~must contain no unnecessary recitals of deeds, documents, contracts, or other instruments.

**(b)     Part for All Purposes.** Any exhibit attached to a pleading ~~shall~~must be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the same pleading, in another pleading, or in any motion.

**RULE 1.140.     DEFENSES**

**(a)     When Presented.**

(1)     Unless a different time is prescribed in a statute of Florida, a defendant ~~shall~~<u>must</u> serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a crossclaim against that party ~~shall~~<u>must</u> serve an answer to it within 20 days after service on that party. The plaintiff ~~shall~~<u>must</u> serve an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply ~~shall~~<u>must</u> be served within 20 days after service of the answer.

(2)(A)Except when sued pursuant to section 768.28, Florida Statutes, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity ~~shall~~<u>must</u> serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within 40 days after service.

(B)     When sued pursuant to section 768.28, Florida Statutes, the Department of Financial Services or the defendant state agency ~~shall have~~<u>has</u> 30 days from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

(3)     The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings ~~shall~~<u>must</u> be served within 10 days after ~~notice of the court's action~~<u>the filing of the court's order</u> or, if the court grants a motion for a more definite statement, the responsive pleadings ~~shall~~<u>must</u> be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.

(4)     If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement ~~shall~~<u>must</u> be served within 10 days after ~~notice of the court's action~~<u>the filing of the court's order unless a different time is fixed by the court</u>. Responses to the pleadings or statements ~~shall~~<u>must</u> be served within 10 days of service of the pleadings or statements.

**(b)    How Presented.** Every defense in law or fact to a claim for relief in a pleading ~~shall~~must be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses ~~shall~~must be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued ~~shall~~must be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated ~~shall~~must be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert any defense in law or fact to that claim for relief at the trial, except that the objection of failure to state a legal defense in an answer or reply ~~shall~~must be asserted by motion to strike the defense within 20 days after service of the answer or reply.

**(c)    [NO CHANGE]**

**(d)    Preliminary Hearings.** The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule ~~shall~~must be heard and determined before trial on application of any party unless the court orders that the hearing and determination ~~shall~~must be deferred until the trial.

**(e)    Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement before interposing a responsive pleading. The motion ~~shall~~must point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after ~~notice~~the filing of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) – (h)    [NO CHANGE]**

**Committee Notes**

9

**[NO CHANGE]**

**RULE 1.170.      COUNTERCLAIMS AND CROSSCLAIMS**

(a)      **Compulsory Counterclaims.** A pleading ~~shall~~must state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit ~~up~~on that party's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.

(b) – (f)      **[NO CHANGE]**

(g)      **Crossclaim against Co-Party.** A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action. The crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. Service of a crossclaim on a party who has appeared in the action ~~shall~~must be made pursuant to rule 1.080. Service of a crossclaim against a party who has not appeared in the action ~~shall~~must be made in the manner provided for service of summons.

(h)      **Additional Parties May Be Brought In.** When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or crossclaim, they ~~shall~~must be named in the counterclaim or crossclaim and be served with process and ~~shall~~must be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rules 1.250(b) and (c) apply to parties brought in under this subdivision.

(i)      **[NO CHANGE]**

10

**(j)     Demand Exceeding Jurisdiction; Transfer of Action.** If the demand of any counterclaim or crossclaim exceeds the jurisdiction of the court in which the action is pending, the action ~~shall~~must be transferred ~~forthwith~~immediately to the court of the same county having jurisdiction of the demand in the counterclaim or crossclaim with only such alterations in the pleadings as are essential. The court ~~shall~~must order the transfer of the action and the transmittal of all ~~papers~~documents in it to the proper court if the party asserting the demand exceeding the jurisdiction deposits with the court having jurisdiction a sum sufficient to pay the clerk's service charge in the court to which the action is transferred at the time of filing the counterclaim or crossclaim. Thereupon the original ~~papers~~documents and deposit ~~shall~~must be transmitted and filed with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties. Failure to make the service charge deposit at the time the counterclaim or crossclaim is filed, or within such further time as the court may allow, ~~shall~~will reduce a claim for damages to an amount within the jurisdiction of the court where the action is pending and waive the claim in other cases.

**Committee Notes**

**[NO CHANGE]**

## RULE 1.200.     PRETRIAL PROCEDURE

**(a)     Case Management Conference.** At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered ~~shall~~must be specified in the order or notice setting the conference. At such a conference the court may:

(1)     schedule or reschedule the service of motions, pleadings, and other ~~papers~~documents;

(2)     set or reset the time of trials, subject to rule 1.440(c);

(3)     coordinate the progress of the action if the complex litigation factors contained in rule 1.201(a)(2)(A)–(a)(2)(H) are present;

11

(4)     limit, schedule, order, or expedite discovery;

(5)     consider the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, and stipulations regarding authenticity of documents and electronically stored information;

(6)     consider the need for advance rulings from the court on the admissibility of documents and electronically stored information;

(7)     discuss as to electronically stored information, the possibility of agreements from the parties regarding the extent to which such evidence should be preserved, the form in which such evidence should be produced, and whether discovery of such information should be conducted in phases or limited to particular individuals, time periods, or sources;

(8)     schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;

(9)     schedule or hear motions in limine;

(10)   pursue the possibilities of settlement;

(11)   require filing of preliminary stipulations if issues can be narrowed;

(12)   consider referring issues to a magistrate for findings of fact; and

(13)   schedule other conferences or determine other matters that may aid in the disposition of the action.

**(b)    [NO CHANGE]**

**(c)    Notice.** Reasonable notice ~~shall~~must be given for a case management conference, and 20 days' notice ~~shall~~must be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference ~~shall~~must be specified in the order. Orders setting pretrial conferences ~~shall~~must be uniform throughout the territorial jurisdiction of the court.

**(d)    Pretrial Order.** The court ~~shall~~<u>must</u> make an order reciting the action taken at a conference and any stipulations made. The order ~~shall~~ control<u>s</u> the subsequent course of the action unless modified to prevent injustice.

## Committee Notes

## [NO CHANGE]

## Court Commentary

## [NO CHANGE]

## RULE 1.310.    DEPOSITIONS UPON ORAL EXAMINATION

**(a)    When Depositions May Be Taken.** After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading ~~up~~on any defendant, except that leave is not required (1) if a defendant has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b)(2) of this rule. The attendance of witnesses may be compelled by subpoena as provided in rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

**(b)    Notice; Method of Taking; Production at Deposition.**

(1)    A party desiring to take the deposition of any person ~~up~~on oral examination ~~shall~~<u>must</u> give reasonable notice in writing to every other party to the action. The notice ~~shall~~<u>must</u> state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena ~~shall~~<u>must</u> be attached to or included in the notice.

(2)     Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when served with notice under this subdivision that party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against that party.

(3)     For cause shown the court may enlarge or shorten the time for taking the deposition.

(4)     Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.

(A)     **Notice.** A party intending to videotape a deposition shallmust state in the notice that the deposition is to be videotaped and shallmust give the name and address of the operator. Any subpoena served on the person to be examined shallmust state the method or methods for recording the testimony.

(B)     **Stenographer.** Videotaped depositions shallmust also be recorded stenographically, unless all parties agree otherwise.

(C)     **Procedure.** At the beginning of the deposition, the officer before whom it is taken shallmust, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.

(D)     **Custody of Tape and Copies.** The attorney for the party requesting the videotaping of the deposition shallmust take custody of and be responsible for the safeguarding of the videotape, shallmust permit the viewing of it by the opposing party, and, if requested, shallmust provide a copy of the videotape at the expense of the party requesting the copy.

(E)     **Cost of Videotaped Depositions.** The party requesting the videotaping shallmust bear the initial cost of videotaping.

(5)     The notice to a party deponent may be accompanied by a request made in compliance with rule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of rule 1.350 shall applyapplies to the request. Rule 1.351 provides the exclusive procedure for

14

obtaining documents or things by subpoena from nonparties without deposing the custodian or other person in possession of the documents.

(6)     In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named ~~shall~~must designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated ~~shall~~must testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

(7)     On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party's own initial expense.

(8)     Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**(c)     Examination and Cross-Examination; Record of Examination; Oath; Objections.** Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken ~~shall~~must put the witness on oath and ~~shall~~must personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness, except that when a deposition is being taken by telephone, the witness ~~shall~~must be sworn by a person present with the witness who is qualified to administer an oath in that location. The testimony ~~shall~~must be taken stenographically or recorded by any other means ordered in accordance with subdivision (b)(4) of this rule. If requested by one of the parties, the testimony ~~shall~~must be transcribed at the initial cost of the requesting party and prompt notice of the request ~~shall~~must be given to all other parties. All objections made at time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any

15

other objection to the proceedings ~~shall~~must be noted by the officer ~~up~~on the deposition. Any objection during a deposition ~~shall~~must be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to ~~shall~~must be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that party ~~shall~~must transmit them to the officer, who ~~shall~~must propound them to the witness and record the answers verbatim.

**(d)** **Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and ~~up~~on a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 1.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease ~~forthwith~~immediately from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only ~~up~~on the order of the court in which the action is pending. Upon demand of any party or the deponent, the taking of the deposition ~~shall~~must be suspended for the time necessary to make a motion for an order. The provisions of rule 1.380(a) apply to the award of expenses incurred in relation to the motion.

**(e)** **Witness Review.** If the testimony is transcribed, the transcript ~~shall~~must be furnished to the witness for examination and ~~shall~~must be read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make ~~shall~~must be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes ~~shall~~must be attached to the transcript. It ~~shall~~must then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer ~~shall~~must sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 1.330(d)(4).

16

**(f)** **Filing; Exhibits.**

(1)    If the deposition is transcribed, the officer ~~shall~~must certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the examination of the witness ~~shall~~must be marked for identification and annexed to and returned with the deposition ~~up~~on the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer ~~shall~~must mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.

(2)    Upon payment of reasonable charges therefor the officer ~~shall~~must furnish a copy of the deposition to any party or to the deponent.

(3)    A copy of a deposition may be filed only under the following circumstances:

(A)    It may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(~~f~~g) by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition ~~shall~~must be given to all parties unless notice is waived. A party filing the deposition ~~shall~~must furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B)    If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party, and the filing party ~~shall~~must comply with rules 2.425 and 1.280(~~f~~g).

**(g)** **Obtaining Copies.** A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies ~~shall~~must be paid to the person by the requesting party or witness.

17

**(h)    Failure to Attend or to Serve Subpoena; Expenses.**

(1)    If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by the other party and the other party's attorney in attending, including reasonable attorneys' fees.

(2)    If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena ~~up~~on the witness and the witness because of the failure does not attend and if another party attends in person or by attorney because that other party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by that other party and that other party's attorney in attending, including reasonable attorneys' fees.

**Court Commentary**

**[NO CHANGE]**

**Committee Notes**

**[NO CHANGE]**

**RULE 1.320.    DEPOSITIONS UPON WRITTEN QUESTIONS**

**(a)    Serving Questions; Notice.** After commencement of the action any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. A party desiring to take a deposition upon written questions ~~shall~~must serve them with a notice stating (1) the name and address of the person who is to answer them, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which that person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or

18

private corporation, a partnership or association, or a governmental agency in accordance with rule 1.310(b)(6). Within 30 days after the notice and written questions are served, a party may serve cross questions ~~upon~~on all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions ~~upon~~on all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions ~~upon~~on all other parties. <u>Notwithstanding any contrary provision of rule 1.310(c), objections to the form of written questions are waived unless served in writing on the party propounding them within the time allowed for serving the succeeding cross or other questions and within 10 days after service of the last questions authorized.</u> The court may for cause shown enlarge or shorten the time.

   **(b)    Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served ~~shall~~<u>must</u> be delivered by the party taking the depositions to the officer designated in the notice, who ~~shall~~<u>must</u> proceed promptly to take the testimony of the witness in the manner provided by rules 1.310(c), (e), and (f) in response to the questions and to prepare the deposition, attaching the copy of the notice and the questions received by the officer. The questions ~~shall~~<u>must</u> not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions are submitted to the witness. <u>Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with rule 1.310(b)(4).</u>

**Committee Notes**

**[NO CHANGE]**

**RULE 1.340.    INTERROGATORIES TO PARTIES**

   **(a)    Procedure for Use.** Without leave of court, any party may serve ~~upon~~on any other party written interrogatories to be answered (1) by the party to whom the interrogatories are directed, or (2) if that party is a public or private corporation or partnership or association or governmental agency, by any officer or agent, who ~~shall~~<u>must</u> furnish the information available to that party. Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading ~~upon~~on that party. The interrogatories ~~shall~~<u>must</u> not exceed 30, including all subparts, unless the court permits a larger number on motion and notice and for good cause. If the supreme court has approved a form of interrogatories for the type of action, the initial

interrogatories on a subject included ~~therein shall~~<u>within must</u> be from the form approved by the court. A party may serve fewer than all of the approved interrogatories within a form. Other interrogatories may be added to the approved forms without leave of court, so long as the total of approved and additional interrogatories does not exceed 30. Each interrogatory ~~shall~~<u>must</u> be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection ~~shall~~<u>must</u> be stated and signed by the attorney making it. The party to whom the interrogatories are directed ~~shall~~<u>must</u> serve the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading ~~up~~<u>on</u> that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under rule 1.380(a) on any objection to or other failure to answer an interrogatory.

(b) **Scope; Use at Trial.** Interrogatories may relate to any matters that can be inquired into under rule 1.280(b), and the answers may be used to the extent permitted by the rules of evidence except as otherwise provided in this subdivision. An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party. A party ~~shall~~<u>must</u> respond to such an interrogatory by giving the information the party has and the source on which the information is based. Such a qualified answer may not be used as direct evidence for or impeachment against the party giving the answer unless the court finds it otherwise admissible under the rules of evidence. If a party introduces an answer to an interrogatory, any other party may require that party to introduce any other interrogatory and answer that in fairness ought to be considered with it.

(c) **Option to Produce Records.** When the answer to an interrogatory may be derived or ascertained from the records (including electronically stored information) of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries is a sufficient answer. An answer ~~shall~~<u>must</u> be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records

from which the answer may be derived or ascertained, or ~~shall~~must identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced. If the records to be produced consist of electronically stored information, the records ~~shall~~must be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

**(d)  [NO CHANGE]**

**(e)  Service and Filing.** Interrogatories ~~shall~~must be arranged so that a blank space is provided after each separately numbered interrogatory. The space ~~shall~~must be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional ~~papers~~documents with answers and refer to them in the space provided in the interrogatories. The interrogatories ~~shall~~must be served on the party to whom the interrogatories are directed and copies ~~shall~~must be served on all other parties. A certificate of service of the interrogatories ~~shall~~must be filed, giving the date of service and the name of the party to whom they were directed. The answers to the interrogatories ~~shall~~must be served ~~up~~on the party originally propounding the interrogatories and a copy ~~shall~~must be served on all other parties by the answering party. The original or any copy of the answers to interrogatories may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(g) by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.

**Committee Notes**

**[NO CHANGE]**

**Court Commentary**

**[NO CHANGE]**

**RULE 1.410.  SUBPOENA**

**(a)** **[NO CHANGE]**

**(b)** **Subpoena for Testimony before the Court.**

(1) Every subpoena for testimony before the court ~~shall~~must be issued by an attorney of record in an action or by the clerk under the seal of the court and ~~shall~~must state the name of the court and the title of the action and ~~shall~~must command each person to whom it is directed to attend and give testimony at a time and place specified in it.

(2) On oral request of an attorney or party and without praecipe, the clerk ~~shall~~must issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena ~~shall~~must be filled in before service by the attorney or party.

**(c)** **For Production of Documentary Evidence.** A subpoena may also command the person to whom it is directed to produce the books, ~~papers,~~ documents (including electronically stored information), or tangible things designated therein, but the court, ~~up~~on motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion ~~up~~on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, ~~papers,~~ documents, or tangible things. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. A person responding to a subpoena may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue costs or burden. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order discovery from such sources or in such forms if the requesting party shows good cause, considering the limitations set out in rule 1.280(d)(2). The court may specify conditions of the discovery, including ordering that some or all of the expenses of the discovery be paid by the party seeking the discovery. A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party

as provided in rule 1.080. Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.

**(d)**     **Service.** A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena ~~up~~on a person named ~~therein shall~~within must be made as provided by law. Proof of such service ~~shall~~must be made by affidavit of the person making service except as applicable under rule 1.351(c) for the production of documents and things by a nonparty without deposition, if not served by an officer authorized by law to do so.

**(e)**     **Subpoena for Taking Depositions.**

(1)     Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena ~~shall~~must state the method for recording the testimony. The subpoena may command the person to whom it is directed to produce designated books, ~~papers,~~ documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(b), but in that event the subpoena will be subject to the provisions of rule 1.280(c) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition ~~up~~on notice to the deponent.

(2)     A person may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.

**(f)**     **Contempt.** Failure by any person without adequate excuse to obey a subpoena served ~~up~~on that person may be deemed a contempt of the court from which the subpoena issued.

23

**(g)     Depositions before Commissioners Appointed in this State by Courts of Other States; Subpoena Powers; etc.** When any person authorized by the laws of Florida to administer oaths is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, that witness may be compelled to attend and testify before that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of that commissioner or by other process or proceedings in the same manner as if that commissioner had been appointed by a court of this state; provided that no document ~~or paper writing~~ shall be compulsorily annexed as an exhibit to such deposition or otherwise permanently removed from the possession of the witness producing it, but in lieu thereof a photostatic copy may be annexed to and transmitted with such executed commission to the court of issuance.

**(h)     Subpoena of Minor.** Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**Committee Notes**

**[NO CHANGE]**

**RULE 1.431.     TRIAL JURY**

**(a)     Questionnaire.**

(1)     The circuit court may direct the authority charged by law with the selection of prospective jurors to furnish each prospective juror with a questionnaire in the form approved by the supreme court from time to time to assist the authority in selecting prospective jurors. The questionnaire ~~shall~~must be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box. The questionnaire ~~shall~~must be used to determine those who are not qualified to serve as jurors under any statutory ground of disqualification.

24

(2) To assist in voir dire examination at trial, any court may direct the clerk to furnish prospective jurors selected for service with a questionnaire in the form approved by the supreme court from time to time. The prospective jurors ~~shall~~must be asked to complete and return the forms. Completed forms may be inspected in the clerk's office and copies ~~shall~~must be available in court during the voir dire examination for use by parties and the court.

**(b)** **Examination by Parties.** The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror ~~shall~~must be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally ~~shall~~must be preserved.

**(c)** **Challenge for Cause.**

(1) On motion of any party, the court ~~shall~~must examine any prospective juror on oath to determine whether that person is related, within the third degree, to (i) any party, (ii) the attorney of any party, or (iii) any other person or entity against whom liability or blame is alleged in the pleadings, or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called, or has any interest in the action, or has formed or expressed any opinion, or is sensible of any bias or prejudice concerning it, or is an employee or has been an employee of any party or any other person or entity against whom liability or blame is alleged in the pleadings, within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that the juror is otherwise incompetent, another ~~shall~~must be called in that juror's place.

(2) The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which that person is called at any other time within 1 year is a ground of challenge for cause.

(3) When the nature of any civil action requires a knowledge of reading, writing, and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.

**(d)    Peremptory Challenges.** Each party is entitled to 3 peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of 3 peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side ~~shall~~must be divided equally among them. Any additional peremptory challenges not capable of equal division ~~shall~~must be exercised separately or jointly as determined by the court.

**(e)    Exercise of Challenges.** All challenges ~~shall~~must be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.

**(f)    [NO CHANGE]**

**(g)    Alternate Jurors.**

(1)    The court may direct that 1 or ~~2~~more jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called ~~shall~~must replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors ~~shall~~must be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror ~~shall~~must be discharged when the jury retires to consider the verdict.

(2)    If alternate jurors are called, each party ~~shall be~~is entitled to one peremptory challenge in the selection of the alternate juror or jurors, but when the number of parties on opposite sides is unequal, the opposing parties ~~shall be~~are entitled to the same aggregate number of peremptory challenges to be determined on the basis of 1 peremptory challenge to each party on the side with the greater number of parties. The additional peremptory challenges allowed pursuant to this subdivision may be used only against the alternate jurors. The peremptory challenges allowed pursuant to subdivision (d) of this rule ~~shall~~must not be used against the alternate jurors.

**(h)    Interview of a Juror.** A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The

motion ~~shall~~must be served within ~~10~~15 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion ~~shall~~must state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge ~~shall~~must enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

**(i) Communication with the Jury.** This rule governs all communication between the judge or courtroom personnel and jurors.

**(1) Communication to be on the Record.** The court ~~shall~~must notify the parties of any communication from the jury pertaining to the action as promptly as practicable and in any event before responding to the communication. Except as set forth below, all communications between the court or courtroom personnel and the jury ~~shall~~must be on the record in open court or ~~shall~~must be in writing and filed in the action. The court or courtroom personnel ~~shall~~must note on any written communication to or from the jury the date and time it was delivered.

**(2) Exception for Certain Routine Communication.** The court ~~shall~~must, by pretrial order or by statement on the record with opportunity for objection, set forth the scope of routine ex parte communication to be permitted and the limits imposed by the court with regard to such communication.

(A) Routine ex parte communication between the bailiff or other courtroom personnel and the jurors, limited to juror comfort and safety, may occur off the record.

(B) In no event shall ex parte communication between courtroom personnel and jurors extend to matters that may affect the outcome of the trial, including statements containing any fact or opinion concerning a party, attorney, or procedural matter or relating to any legal issue or lawsuit.

**(3) Instructions to Jury.** During voir dire, the court ~~shall~~must instruct the jurors and courtroom personnel regarding the limitations on communication between the court or courtroom personnel and jurors. ~~Upon~~On empanelling the jury, the court ~~shall~~must instruct the jurors that their questions are to be submitted in writing to the court, which will review them with the parties and counsel before responding.

27

**(4)     Notification of Jury Communication.** Courtroom personnel ~~shall~~must immediately notify the court of any communication to or from a juror or among jurors in contravention of the court's orders or instructions, including all communication contrary to the requirements of this rule.

**Committee Notes**

**[NO CHANGE]**

## RULE 1.500.     DEFAULTS AND FINAL JUDGMENTS THEREON

**(a)     By the Clerk.** When a party against whom affirmative relief is sought has failed to file or serve any ~~paper~~document in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such ~~paper~~document.

**(b)     By the Court.** When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any ~~paper~~document in the action, that party ~~shall~~must be served with notice of the application for default.

**(c)     Right to Plead.** A party may plead or otherwise defend at any time before default is entered. If a party in default files any ~~paper~~document after the default is entered, the clerk ~~shall~~must notify the party of the entry of the default. The clerk ~~shall~~must make an entry on the progress docket showing the notification.

**(d)     [NO CHANGE]**

**(e)     Final Judgment.** Final judgments after default may be entered by the court at any time, but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other representative who has appeared in it or unless the court has made an order under rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references, or conduct

hearings as it deems necessary and ~~shall~~must accord a right of trial by jury to the parties when required by the Constitution or any statute.

## Court Commentary

## [NO CHANGE]

**RULE 1.510.        SUMMARY JUDGMENT**

   **(a)     For Claimant.** A party seeking to recover ~~up~~on a claim, counterclaim, crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party's favor ~~up~~on all or any part thereof with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.

   **(b)     [NO CHANGE]**

   **(c)     Motion and Proceedings Thereon.** The motion ~~shall~~must state with particularity the grounds ~~up~~on which it is based and the substantial matters of law to be argued and ~~shall~~must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant ~~shall~~must serve the motion at least 20 days before the time fixed for the hearing, and ~~shall~~must also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party ~~shall~~must identify, by notice served pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party ~~shall~~must serve a copy on the movant pursuant to rule 1.080 at least 5 days prior to the day of the hearing, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought ~~shall~~must be rendered ~~forthwith~~immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

29

**(d)  Case Not Fully Adjudicated on Motion.** On motion under this rule if judgment is not rendered ~~up~~on the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, ~~shall~~must ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It ~~shall thereupon~~must then make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified ~~shall~~must be deemed established, and the trial or final hearing ~~shall~~must be conducted accordingly.

**(e)  Form of Affidavits; Further Testimony.** Supporting and opposing affidavits ~~shall~~must be made on personal knowledge, ~~shall~~must set forth such facts as would be admissible in evidence, and ~~shall~~must show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all ~~papers~~documents or parts thereof referred to in an affidavit ~~shall~~must be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

**(f)  [NO CHANGE]**

**(g)  Affidavits Made in Bad Faith.** If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court ~~shall forthwith~~must immediately order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.

**Committee Notes**

**[NO CHANGE]**

## RULE 1.545.  FINAL DISPOSITION FORM

A final disposition form (form 1.998) must be filed with the clerk by the

prevailing party at the time of the filing of the order or judgment which disposes of the action. If the action is settled without a court order or judgment being entered, or dismissed by the parties, the plaintiff or petitioner immediately must file a final disposition form (form 1.998) with the clerk. The clerk must complete the final disposition form for a party appearing pro se, or when the action is dismissed by court order for lack of prosecution pursuant to rule 1.420(e).

**Committee Note**

**2016 Amendment.** This rule is identical to former rule 1.100(c)(3).

**RULE 1.625.    PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS**

When any rule or statute requires or permits giving of bond by a party in a judicial proceeding, the surety on the bond submits to the jurisdiction of the court when the bond is approved. The surety ~~shall~~must furnish the address for the service of ~~papers~~documents affecting the surety's liability on the bond to the officer to whom the bond is given at that time. The liability of the surety may be enforced on motion without the necessity of an independent action. The motion ~~shall~~must be served on the surety at the address furnished to the officer. The surety ~~shall~~must serve a response to the motion within 20 days after service of the motion, asserting any defenses in law or in fact. If the surety fails to serve a response within the time allowed, a default may be taken. If the surety serves a response, the issues raised ~~shall~~must be decided by the court on reasonable notice to the parties. The right to jury trial shall not be abridged in any such proceedings.

**Committee Notes**

**[NO CHANGE]**

**RULE 1.630.    EXTRAORDINARY REMEDIES**

**(a)    [NO CHANGE]**

31

**(b)    Initial Pleading.** The initial pleading ~~shall~~must be a complaint. It ~~shall~~must contain:

> (1)    the facts on which the plaintiff relies for relief;

> (2)    a request for the relief sought; and

> (3)    if desired, argument in support of the ~~petition~~complaint with citations of authority.

> The caption ~~shall~~must show the action filed in the name of the plaintiff in all cases and not on the relation of the state. When the complaint seeks a writ directed to a lower court or to a governmental or administrative agency, a copy of as much of the record as is necessary to support the plaintiff's complaint ~~shall~~must be attached.

**(c)    Time.** A complaint ~~shall~~must be filed within the time provided by law.

**(d)    Process.** If the complaint shows a prima facie case for relief, the court ~~shall~~must issue:

> (1)    an order nisi in prohibition;

> (2)    an alternative writ in mandamus that may incorporate the complaint by reference only;

> (3)    a writ of quo warranto; or

> (4)    a writ of habeas corpus.

> The writ ~~shall~~must be served in the manner prescribed by law.

**(e)    Response.** Defendant ~~shall~~must respond to the writ as provided in rule 1.140, but the answer in quo warranto ~~shall~~must show better title to the office when the writ seeks an adjudication of the right to an office held by the defendant.

**Court Commentary**

**[NO CHANGE]**

**Committee Notes**

32

**[NO CHANGE]**


**RULE 1.900.**      **FORMS**

(a) – (b)      **[NO CHANGE]**

(c)      **Formal Matters.** Captions, except for the designation of the ~~paper~~document, are omitted from the forms. A general form of caption is the first form. Signatures are omitted from pleadings and motions.

## FORM 1.910.    SUBPOENA FOR TRIAL

**(a)    For Issuance by Clerk.**

SUBPOENA

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before the Honorable .........., Judge of the Court, at the .......... County Courthouse in .........., Florida, on .........., at .......... ~~m.~~(a.m./p.m.), to testify in this action. If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........

(Name of Clerk)
As Clerk of the Court
By _____
As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(b)     For Issuance by Attorney of Record.**

SUBPOENA

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before the Honorable .........., Judge of the Court, at the .......... County Courthouse in .........., Florida, on ....~~.....~~(date)~~..........~~, at .......... ~~m.~~(a.m./p.m.), to testify in this action. If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ..........~~.~~

(Name of Attorney)<br>For the Court

─────────.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Committee Notes**

**1996 Amendment.** Form (b) was added to comply with amendments to rule 1.410.

**2013 Amendment.** The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud. Admin. 2.540.

# FORM 1.911.     SUBPOENA DUCES TECUM FOR TRIAL

**(a)     For Issuance by Clerk.**

SUBPOENA DUCES TECUM

THE STATE OF FLORIDA:
TO ..........:

        YOU ARE COMMANDED to appear before the Honorable .........., Judge of the Court, at the .......... County Courthouse in .........., Florida, on ....~~.....~~(date)~~.........~~, at .......... ~~m.~~(a.m./p.m.), to testify in this action and to have with you at that time and place the following: ...........~~.~~ If you fail to appear, you may be in contempt of court.

        You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........~~.~~

(Name of Clerk)
As Clerk of the Court
By _____
As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

        Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

        **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(b)** **For Issuance by Attorney of Record.**

SUBPOENA DUCES TECUM

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before the Honorable .........., Judge of the Court, at the .......... County Courthouse in .........., Florida, on ....~~....~~(date)~~........~~, at .......... ~~m.~~(a.m./p.m.), to testify in this action and to have with you at that time and place the following: ..........~~.~~ If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ..........~~.~~

(Name of Attorney)
For the Court

————.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Committee Notes**

**1996 Amendment.** Form (b) was added to comply with amendments to rule 1.410.

**2013 Amendment.** The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud. Admin. 2.540.

# FORM 1.912.　　SUBPOENA FOR DEPOSITION

**(a)　　For Issuance by Clerk.**

SUBPOENA FOR DEPOSITION

THE STATE OF FLORIDA:
TO ..........:

　　　　YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .......... in .........., Florida, on .....(date)....., at .......... ~~m.~~(a.m./p.m.), for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.

　　　　You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........

　　　　　　　　　　　　　　　　　　　　　　　(Name of Clerk)
　　　　　　　　　　　　　　　　　　　　　　　As Clerk of the Court
　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

　　　　Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

　　　　**If you are a person with a disability who needs any accommodation in order to participate in this deposition, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

40

**(b)** **For Issuance by Attorney of Record.**

SUBPOENA FOR DEPOSITION

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .......... in .........., Florida, on ....~~.....~~(date)~~..........~~, at ........... ~~m.~~(a.m./p.m.), for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ..........~~.~~

                                        (Name of Attorney)
                                        For the Court

‒‒‒‒‒‒‒‒‒‒.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this deposition, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled deposition is less than 7 days; if you are hearing or voice impaired, call 711.**

**Committee Notes**

**1996 Amendment.** Form (b) was added to comply with amendments to rule 1.410.

**2013 Amendment.** The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.

# FORM 1.913.      SUBPOENA DUCES TECUM FOR DEPOSITION

**(a)      For Issuance by Clerk.**

SUBPOENA DUCES TECUM FOR DEPOSITION

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .......... in .........., Florida, on .....(date)....., at .......... ~~m.~~(a.m./p.m.), for the taking of your deposition in this action and to have with you at that time and place the following: ........... If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........

> (Name of Clerk)
> As Clerk of the Court
> By _____
> As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this deposition, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled deposition is less than 7 days; if you are hearing or voice impaired, call 711.**

**(b)** **For Issuance by Attorney of Record.**

SUBPOENA DUCES TECUM FOR DEPOSITION


THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .......... in .........., Florida, on .....(date)....., at .......... ~~m.~~(a.m./p.m.), for the taking of your deposition in this action and to have with you at that time and place the following: ........... If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........

(Name of Attorney)
For the Court

——————.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........


Any minor subpoenaed for testimony ~~shall have~~has the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except ~~up~~on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**If you are a person with a disability who needs any accommodation in order to participate in this deposition, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Committee Notes**

**1996 Amendment.** Form (b) was added to comply with amendments to rule 1.410.

44

**2013 Amendment.** The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.

# FORM 1.918.      LIS PENDENS

## NOTICE OF LIS PENDENS

TO DEFENDANT(S) .........., AND ALL OTHERS WHOM IT MAY CONCERN:

YOU ARE NOTIFIED OF THE FOLLOWING:

(a)      The plaintiff has instituted this action against you seeking ("to foreclose a mortgage" or "to partition" or "to quiet title" or other type of action) with respect to the property described below.

(b)      The plaintiff(s) in this action is/are:

           (1)      ..........

           (2)      ...........

(c)      The date of the institution of this action is .......... OR: the date on the clerk's electronic receipt for the action's filing is .......... OR: the case number of the action is as shown in the caption.

(d)      The property that is the subject matter of this action is in .......... County, Florida, and is described as follows:

(legal description of property)

DATED ON ...........

                                  ——————.....(Name of Attorney).....
                                  Attorney for .....(Name of Client).....
                                  ..........
                                  ..........
                                  .....(Address).....
                                  .....(Telephone number).....
                                  .....(E-mail address(es)).....
                                  Florida Bar No. ..........

**NOTE:** This form is not to be recorded without the clerk's case number.

## Committee Notes

**2009 Amendment.** This form was substantially rewritten due to the amendments to section 48.23, Florida Statutes (2009). Section 48.23 provides that the notice must contain the names of all of the parties, the name of the court in which the action is instituted, a description of the property involved or affected, a description of the relief sought as to the property, and one of the following: the date of the institution of the action, the date of the clerk's electronic receipt, or the case number. If the case number is used to satisfy the requirements of section 48.23, it should be inserted in the case caption of the notice.

# FORM 1.921.  NOTICE OF PRODUCTION FROM NONPARTY

## NOTICE OF PRODUCTION

To ..................:

      YOU ARE NOTIFIED that after 10 days from the date of service of this notice, if service is by delivery, or 15 days from the date of service, if service is by mail, and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena directed to .................., who is not a party and whose address is .................., to produce the items listed at the time and place specified in the subpoena.

DATED on ...............

_____

.....(Name of Attorney).....

Attorney for .....(Name of Client).........

...........................

...........................

.....(Address).....

.....(Telephone Number).....

.....(E-mail address(es)).....

Florida Bar No. ..........

     **NOTE:** This form of notice is for use with rule 1.351. A copy of the subpoena must be attached to this form for it to comply with the rule.

## Committee Notes

     **1980 Adoption.** This form is new.

     **1996 Amendment.** This form was amended to comply with amendments to rules 1.351 and 1.410.

# FORM 1.922.       SUBPOENA DUCES TECUM WITHOUT DEPOSITION

### (a)       When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Clerk.

SUBPOENA DUCES TECUM


THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear at .......... in .........., Florida, on .....(date)....., at .......... m.(a.m./p.m.), and to have with you at that time and place the following: ...........

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)      appear as specified; or

(2)      furnish the records instead of appearing as provided above; or

(3)      object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shallmust respond to this subpoena as directed.

DATED on ...........

> (Name of Clerk)
> As Clerk of the Court
> By _____
> As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........

..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

**If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(b)      When Witness Must Appear and Produce the Records; Issuance by Clerk.**

SUBPOENA DUCES TECUM

THE STATE OF FLORIDA:
TO: ..........:

YOU ARE COMMANDED to appear at .......... in .........., Florida, on .....(date)....., at .......... m.(a.m./p.m.), and to have with you at that time and place the following: ...........

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)      appear or furnish the records at the time and place specified instead of appearing; or

(2)      object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shallmust respond to this subpoena as directed.

DATED on ...........

(Name of Clerk)
As Clerk of the Court

By _____
As Deputy Clerk

_____.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

**If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(c)      When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Attorney of Record.**

SUBPOENA DUCES TECUM

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear at .......... in .........., Florida, on .....(date)....., at .......... m.(a.m./p.m.), and to have with you at that time and place the following: ...........

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)      appear as specified; or

(2)      furnish the records instead of appearing as provided above; or

(3)      object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ..........

                            (Name of Attorney)
                            For the Court

——————.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

**If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(d)      When Witness Must Appear and Produce the Records; Issuance by Attorney of Record.**

THE STATE OF FLORIDA:
TO ..........:

YOU ARE COMMANDED to appear at .......... in .........., Florida, on .....(date)....., at .......... ~~m.~~(a.m./p.m.), and to have with you at that time and place the following: ...........

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)	appear or furnish the records at the time and place specified instead of appearing; or

(2)	object to this subpoena,

you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you ~~shall~~must respond to this subpoena as directed.

DATED on ...........

(Name of Attorney)
For the Court

——————.....(Name of Attorney).....
Attorney for .....(Name of Client).....
..........
..........
.....(Address).....
.....(Telephone number).....
.....(E-mail address(es)).....
Florida Bar No. ..........

**If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] at least 7 days before your scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**NOTE:** These forms are to be used for production of documents under rule 1.351. Form (a) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (b) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Form (c) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record. Form (d) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record.

### Committee Notes

**1980 Adoption.** This form is new.

**1996 Amendment.** Forms (a) and (b) were amended and forms (c) and (d) were added to comply with amendments to rules 1.351 and 1.410.

**2013 Amendment.** The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.

# FORM 1.975.  NOTICE OF COMPLIANCE WHEN CONSTITUTIONAL CHALLENGE IS BROUGHT

NOTICE OF COMPLIANCE WITH
SECTION 86.091, FLORIDA STATUTES


The undersigned hereby gives notice of compliance with Fla. R. Civ. P. 1.071, with respect to the constitutional challenge brought pursuant to .....(Florida statute, charter, ordinance, or franchise challenged)...... The undersigned complied by serving the .....(Attorney General for the state of Florida or State Attorney for the .......... Judicial Circuit)..... with a copy of the pleading or motion challenging .....(Florida statute, charter, ordinance, or franchise challenged)....., by .....(certified or registered mail)..... on .....(date)......

---

.....(Name of Attorney).....
Attorney for .....(Name of Client).....
~~Florida Bar No. ..........~~
.....(Address)-..........
.....(Telephone No.)-..........
.....(E-mail Address(es)).....
Florida Bar No. ..........

## Committee Notes

**2010 Adoption.** This form is to be used to provide notice of a constitutional challenge as required by section 86.091, Florida Statutes. See rule 1.071. This form is to be used when the Attorney General or the State Attorney is not a named party to the action, but must be served solely in order to comply with the notice requirements set forth in section 86.091.

# FORM 1.980.    DEFAULT

## MOTION FOR DEFAULT

Plaintiff moves for entry of a default by the clerk against defendant ................. for failure to serve any ~~paper~~document on the undersigned or file any ~~paper~~document as required by law.

_____
Attorney for Plaintiff

## DEFAULT

A default is entered in this action against the defendant named in the foregoing motion for failure to serve or file any ~~paper~~document as required by law.

Dated on .................

(Name of Clerk)
As Clerk of the Court
By _____ .
As Deputy Clerk

# FORM 1.997.　CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other ~~papers~~documents as required by law. This form ~~shall~~must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to ~~Florida Statutes~~ section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.　CASE STYLE

(Name of Court) _____

Plaintiff _____　　　　　Case #: _____

_____　　　　　Judge: _____

vs.

Defendant _____

_____

---

### II.　TYPE OF CASE　(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

__ Condominium
__ Contracts and indebtedness
__ Eminent domain
__ Auto negligence
__ Negligence—other
　　__ Business governance
　　__ Business torts
　　__ Environmental/Toxic tort
　　__ Third party indemnification
　　__ Construction defect
　　__ Mass tort
　　__ Negligent security
　　__ Nursing home negligence
　　__ Premises liability—commercial
　　__ Premises liability—residential
__ Products liability
__ Real property/Mortgage foreclosure
　　__ Commercial foreclosure $0–$50,000
　　__ Commercial foreclosure $50,001–$249,999

57

__ Commercial foreclosure $250,000 or more
__ Homestead residential foreclosure $0–$50,000
__ Homestead residential foreclosure $50,001–$249,999
__ Homestead residential foreclosure $250,000 or more
__ Nonhomestead residential foreclosure $0–$50,000
__ Nonhomestead residential foreclosure $50,001–$249,999
__ Nonhomestead residential foreclosure $250,000 or more
__ Other real property actions $0–$50,000
__ Other real property actions $50,001–$249,999
__ Other real property actions $250,000 or more

__ Professional malpractice
__ Malpractice—business
__ Malpractice—medical
__ Malpractice—other professional

__ Other
__ Antitrust/Trade regulation
__ Business transactions
__ Constitutional challenge—statute or ordinance
__ Constitutional challenge—proposed amendment
__ Corporate trusts
__ Discrimination—employment or other
__ Insurance claims
__ Intellectual property
__ Libel/Slander
__ Shareholder derivative action
__ Securities litigation
__ Trade secrets
__ Trust litigation

**III.    REMEDIES SOUGHT** (check all that apply):
__ Monetary;
__ Nonmonetary declaratory or injunctive relief;
__ Punitive

**IV.    NUMBER OF CAUSES OF ACTION:** [   ]
(specify) _____

_____

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**
__ yes
__ no

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
__ no
__ yes  If "yes," list all related cases by name, case number, and court.

_____

_____

_____

_____

_____

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
           __ yes
           __ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____   Fla. Bar # _____
                 Attorney or party                      (Bar # if attorney)

_____
            (type or print name)             Date

FORM 1.997.  INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with the first paperworkdocument filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.** **Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.** **Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

(A)     Condominium—all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B)     Contracts and indebtedness—all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.

(C)     Eminent domain—all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D)     Auto negligence—all matters arising out of a party's allegedly negligent operation of a motor vehicle.

(E)     Negligence—other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F)     Business governance—all matters relating to the management, administration, or control of a company.

(G)     Business torts—all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)     Environmental/Toxic tort—all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)     Third party indemnification—all matters relating to liability transferred to a third party in a financial relationship.

(J)     Construction defect—all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K)     Mass tort—all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L)     Negligent security—all matters involving injury to a person or property allegedly resulting from insufficient security.

(M)     Nursing home negligence—all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N)     Premises liability—commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O)     Premises liability—residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P)     Products liability—all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q)     Real property/Mortgage foreclosure—all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.

(R)     Commercial foreclosure—all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(S)     Homestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T)     Nonhomestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U)     Other real property actions—all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V)     Professional malpractice—all professional malpractice lawsuits.

(W)     Malpractice—business—all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)     Malpractice—medical—all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)     Malpractice—other professional—all matters relating to negligence of those other than medical or business professionals.

(Z)     Other—all civil matters not included in other categories.

(AA)   Antitrust/Trade regulation—all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)   Business transactions—all matters relating to actions that affect financial or economic interests.

(AC)   Constitutional challenge—statute or ordinance—a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)   Constitutional challenge—proposed amendment—a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE)   Corporate trusts—all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF)   Discrimination—employment or other—all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)   Insurance claims—all matters relating to claims filed with an insurance company.

(AH)   Intellectual property—all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)   Libel/Slander—all matters relating to written, visual, oral, or aural defamation of character.

(AJ)   Shareholder derivative action—all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)   Securities litigation—all matters relating to the financial interest or instruments of a company or corporation.

(AL)   Trade secrets—all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)   Trust litigation—all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**III.**   **Remedies Sought**. Place an "X" on the appropriate line. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV.**   **Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**V.**   **Class Action.** Place an "X" on the appropriate line.

**VI.**   **Related Cases.** Place an "X" on the appropriate line.

**VII.**   **Is Jury Trial Demanded In Complaint?** Check the appropriate line to indicate whether a jury trial is being demanded in the complaint.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425**.